## Pennfield Corp. v. Ebersole

*Dale E. Lapp,* for plaintiff.
*Gregory Lyons,* for defendant.

BUCKWALTER, *J.,* April 4, 1986 — Presently before the court is the motion for summary judgment filed by Pennfield Corporation, plaintiff in this action in foreclosure initiated against John R. Ebersole and his wife Dolores M. Ebersole, defendants.

According to the record in this case, the Ebersoles executed and delivered to Pennfield Corporation an installment judgment note in the amount of $130,000 in consideration of prior extensions of credit for goods sold and delivered by Pennfield to the Ebersoles. The note was secured by a mortgage on real estate owned by the Ebersoles in Penn Township, Lancaster County, Pa. The Ebersoles failed to pay the $25,000 due on December 31, 1984. On January 24, 1985 the Ebersoles filed a petition in bankruptcy. Pennfield petitioned for relief from the automatic stay provided by section 362 of the bankruptcy code and on March 28, 1985, the stay was lifted. Thereafter, on May 6, 1985, Pennfield sent notice to the Ebersoles advising them of the pending foreclosure proceedings. On January 9, 1986, Pennfield filed this motion for summary judgment. Briefs having been filed on behalf of both parties, this motion is now properly before the court for disposition.

Summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). The standards for granting a summary judgment are well established and need no repetition here.

Defendants argue that the notice given to the plaintiff in this foreclosure action was improper because it was sent before the 60-day delinquency period had expired as required by the Housing Finance Agency Law at 35 P.S. §1680.403c.

That section provides as follows:

"(a) Any mortgagee who desires to foreclose upon a mortgage shall send to such mortgagor at

this (sic) or her last known address the notice provided in subsection (b): Provided, however, that such mortgagor shall be at least 60 days contractually delinquent in his mortgage payments or be in violation of any other provision of such mortgage." 35 P.S. §1680.403c(a).

Defendants' argument rests on two equally untenable premises. First, defendants urge the court to find that 35 P.S. §1680.403c is applicable law because Pennfield Corporation is in the "mortgage lending business." Second, defendants contend that plaintiff violated the 60-day waiting period because the bankruptcy code stay of section 362 tolled the running of time and the notice was sent too early.

Defendants claim that Pennfield Corporation is subject to the notice requirements, 35 P.S. §1680.403c(a), because Pennfield does not fit into the category of exemptions found at section 1680.401c(a), which provides in relevant part:

"(a) . . . the provisions of this article shall not be applicable if:

"(4) the mortgage on the property was given by a noncorporate seller, unless the noncorporate seller elects in writing, in the mortgage or elsewhere to be covered by this article. For purposes of this article, 'noncorporate seller' means any person giving a mortgage who is not a bank, a savings and loan association, a mortgage bank, a consumer discount company or other entity in. the mortgage lending business."

Defendants focus on the words "noncorporate seller" in an effort to bolster their argument that, as a corporation, Pennfield cannot be an exempt lender as such lenders are defined in section 1680.401c(a). However, the definition of a "noncorporate seller" clearly includes corporations

as well as natural persons.* Thus, even though Pennfield is incorporated, it may be exempt from the notice requirements of section 1680.403c if it is not in the "mortgage lending business."

The phrase "mortgage lending business" is not defined in Title 35. However, the context and plain meaning of the language clearly exempt corporations such as Pennfield from the requirements of this statute. The statute does apply to all lending institutions, which are defined in section 1680.103 as:

"(20) . . . any bank, bank and trust company, trust company, savings bank, national banking association, Federal National mortgage association, approved mortgage banker, FHA approved mortgage service company, savings and loan association, building and loan association, credit union or other financial institution which customarily provides service or otherwise aids in the financing of mortgages on residential housing in the commonwealth."

These institutions are the same as those enumerated in section 1680.401c(4) as being in the "mortgage lending business" and subject to the statutory requirements. These entities regularly provide residential mortgages. They are in the daily business of mortgage lending. We find as a matter of law that Pennfield is not such an entity.

The affidavit of Mr. Hobday, a vice president of Pennfield Corporation, and the stipulation of defendants to the facts stated in that affidavit, support Pennfield's contention that it is not in the "mort-

---

* 1Pa.C.S. §1991 provides that "the following words and phrases, when used in any statute finally enacted on or after September 1, 1937, unless the context clearly indicates otherwise, shall have the meanings ascribed to them in this section: . . . 'Person.' Includes a corporation, partnership, association, as well as a natural person."

gage lending business." On the contrary, Pennfield is a company in the business of manufacturing poultry and livestock feeds, wholesaling farm supplies, processing and wholesaling eggs, and providing various other real estate and farm product services. That it occasionally needs to secure a debt for products and services with a mortgage does not mean it is in the "mortgage lending business." Thus, plaintiff is not subject to the notice requirements of 35 P.S. §1680.403c.

We also find that Pennfield's mere sending of a notice informing defendants of their possible options under Act 91 of 1983, 35 P.S. §1680.101 et seq. is not a writing by which the company elected to be covered by the statute.

Although we do not reach the issue of the tolling of time due to the automatic stay of section 362 of the bankruptcy code, we note that recent court decisions do not support defendants' claims that the stay tolled the running of the time. Thus, even if 35 P.S. §1680.403c were applicable, the notice would have been timely.

Accordingly, the court enters the following

## ORDER

And now, this April 4, 1986, the court grants plaintiff's motion for summary judgment.